NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| LANE CAMERON MOLLER,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>EDWARD ALAMEDA, Warden,<br><br>　　　　　Respondent. | Case Number C 00-20190 JF<br><br>ORDER[1] GRANTING RESPONDENT'S MOTION TO DISMISS FOR FUGITIVITY<br><br>[Re: Docket No. 91] |

### I.  BACKGROUND

On November 29, 1983, pursuant to a plea bargain in which charges involving three other alleged victims were dismissed, Petitioner Lane Cameron Moller ("Moller") pled guilty to one count of genital penetration by a foreign object in violation of California Penal Code § 289(b) (1983) (amended 2003).  In 1989, new complaints surfaced that Moller had molested three five-year-old girls.

On March 23, 1995, Moller was charged with ten counts of lewd and lascivious conduct upon a child under age fourteen in violation of California Penal Code § 288(a), one count of lewd and lascivious conduct committed by force or fear in violation of California Penal Code

---

[1] This disposition is not designated for publication and may not be cited.

1  § 288(b)(1), and failure to register as a sex offender as required under California Penal Code
2  § 290(f). On July 30, 1996, in exchange for dismissal of the remaining charges and a prison term
3  between eight and twelve years, Moller pled no contest to four counts of violating California
4  Penal Code § 288(a).

5  After three continuances were granted, Moller's sentencing date was set for November
6  22, 1996. On November 15, 1996, Moller again moved to continue sentencing, asserting that he
7  wished to withdraw his plea based on newly discovered evidence that a purported prior victim
8  had recanted her testimony and because he was not told during the plea negotiation that his
9  conviction would subject him to provisions of the Sexually Violent Predator Act, California
10 Welfare & Institutions Code § 6600, *et seq*. On November 21, 1996, the state trial court denied
11 Moller's motion for a continuance.

12 At sentencing on November 22, 1996, Moller again requested a continuance in order to
13 prepare a motion to withdraw his plea. The trial court instructed counsel to state with more
14 specificity the grounds for such a motion, but Moller's counsel said that he was not prepared to
15 make the motion at that time. The court subsequently sentenced Moller to twelve years in state
16 prison.[2] The court issued a certificate of probable cause granting Moller's right to appeal the
17 ruling on the denial of a continuance to file a motion to withdraw the plea and any sentencing
18 error.

19 Moller sought direct review on appeal and filed a concurrent state habeas petition in the
20 California Court of Appeal. On April 3, 1998, the appellate court affirmed the conviction and
21 denied the habeas petition. Moller then sought review in the California Supreme Court, which
22 denied a petition for review on July 22, 1998 and denied a habeas petition on November 23,
23 1999. Moller brought another state habeas petition directly before the California Supreme Court,
24 which petition was denied on December 9, 1999.

25 On February 17, 2000, Moller filed the instant federal petition for writ of habeas corpus

---

28  [2]  *People v. Moller*, Santa Cruz County Superior Court, Nos. 40-04336, S5-03283, and 40-1170.

2

by a person in state custody ("petition") pursuant to 28 U.S.C. § 2254. Moller claims: (1) ineffective assistance of counsel because counsel failed to move to withdraw Moller's pleas of no contest; (2) denial of due process by the trial court's ruling that California Evidence Code § 1108 would be applied to allow the prosecution to introduce evidence of four prior alleged incidents of molestation, "thereby coercing [him] into pleading no contest"; (3) denial of due process because when he entered the no contest plea he was not informed that as a direct consequence of his plea he would be subject to the recently enacted Sexually Violent Predator Act; (4) denial of due process because the prosecution withheld evidence that a prior accuser had recanted her accusations against him, which "would have caused him to reject the plea offers"; (5) denial of due process because of bias on the part of the trial judge; (6) ineffective assistance of counsel because counsel failed to move to disqualify the trial judge for bias; (7) denial of due process "by the prosecution's suppression of exculpatory evidence of the complaining witnesses' psychotherapist, Lida Strong, as a material witness and her notes of exculpatory materials"; (8) denial of due process and the right to a fair trial "by the suppression of exculpatory evidence by the parents of the complaining witnesses in collusion with the prosecution"; (9) denial of due process "by the prosecution's intentional destruction of documentary materials essential to [his] defense"; and (10) denial of due process "by the prosecution's suppression of evidence that the complaining witnesses had been informed of a prior conviction of [his], and were thus primed to falsely accuse him." Petition at 6. On June 6, 2000, Respondent filed a motion to dismiss, which the Court denied on December 1, 2000. Respondent filed an answer on February 7, 2001, and Moller filed a traverse on June 8, 2001.

Moller was released on parole on October 26, 2001. He subsequently was transferred from the Santa Cruz County State Parole Unit to the Redwood City State Parole Unit ("RCPU"). On October 29, 2001, Moller reported to the RCPU and registered as a sex offender. On May 27, 2002, Moller sent a letter to Detective Gary Ramos informing him that he was no longer residing within the United States, thus ending, in Moller's opinion, the legal requirement that Moller register as a sex offender under California Penal Code § 290. On June 9, 2002, an RCPU officer unsuccessfully attempted to contact Moller at his residence. On June 11, 2002, the same RCPU

1   officer received a telephone message from Moller stating that he was no longer residing in the
2   United States and that he would no longer be in contact with the RCPU. That same day, the
3   RCPU officer again unsuccessfully attempted to contact Moller at his residence and observed
4   that the residence appeared vacant. On May 19, 2002, the California Board of Prison Terms
5   ("BPT") suspended Moller's parole, issued a warrant for his arrest, and listed him as a fugitive.
6   Moller is still wanted and remains a fugitive.

7   On June 28, 2005, Respondent filed a motion to dismiss Moller's petition pursuant to the
8   fugitive disentitlement doctrine. On August 10, 2005, Moller filed opposition, claiming that the
9   fugitive disentitlement doctrine is not applicable to federal habeas actions and that, even if the
10  doctrine applies, dismissal would be an abuse of discretion. On August 12, 2005, Respondent
11  filed a reply.

12  Having considered the briefs and relevant evidence, the Court will grant Respondent's
13  motion to dismiss.

## II. DISCUSSION

Federal courts "have authority to dismiss an appeal or writ of certiorari if the party seeking relief is a fugitive while the matter is pending." *Degen v. United States*, 517 U.S. 820, 824 (1996). The fugitive disentitlement doctrine is based on several grounds. "First, so long as the party cannot be found, the judgment on review may be impossible to enforce." *Id.* Second, a party's escape "'disentitles' him 'to call upon the resources of the Court for determination of his claims.'" *Id.* at 824 (citing *Molinaro v. New Jersey*, 396 U.S. 365, 366 (1970) (*per curiam*)). Third, "[d]isentitlement 'discourages the felony of escape and encourages voluntary surrenders,' and 'promotes the efficient, dignified operation' of the courts." *Id.* at 824 (citing *Estelle v. Dorrough*, 420 U.S. 534, 537 (1975) (*per curiam*)). "Fourth, the adversary character of criminal litigation may be compromised when the defendant is a fugitive." *Parretti v. United States*, 143 F.3d 508, 511 (9th Cir. 1998) (en banc). While there is no Supreme Court or Ninth Circuit authority on point, four circuit courts and at least three district courts have applied the fugitive disentitlement doctrine in this context. *See Bagwell v. Dretke*, 376 F.3d 408, 409 (5th Cir. 2004) (concluding that the fugitive disentitlement doctrine is applicable to a federal habeas petition and

remanding for determination of whether the doctrine's underlying justifications supported dismissal); *Dently v. Lane*, 720 F.2d 472, 473 (7th Cir. 1983) (*per curiam*) (remanding with instructions to dismiss the petition as moot for fugitivity); *Gonzalez v. Stover*, 575 F.2d 827 (10th Cir. 1978) (*per curiam*) (holding that since petitioner was a fugitive for failing to report to sentencing as ordered following his state court conviction for reckless driving, the federal courts were without power to grant habeas corpus relief); *Bailey v. U.S. Commanding Officer of the Office of Provost Marshal, U.S. Army*, 496 F.2d 324 (1st Cir. 1974) (affirming dismissal of petitioner's habeas petition because petitioner escaped from military custody and refused to return); *Nelson v. Cozza-Rhodes*, No. 05-CV-60128, 2006 WL 83064, at *1 (E.D. Mich. Jan. 11, 2006) (finding that "federal district courts may dismiss habeas petitions if the petitioner is a fugitive from justice"); *Torres v. New York*, 976 F.Supp. 249, 250-51 (S.D.N.Y. 1997) (dismissing petitioner's petition pursuant to the fugitive disentitlement doctrine because petitioner absconded from parole and failed to respond to court order mailed to his last known address); *Clark v. Dalsheim*, 663 F.Supp. 1095, 1096-97 (S.D.N.Y. 1987) (dismissing petition for writ of habeas corpus where petitioner was a fugitive from parole on a state conviction he wished to challenge and from arrest warrants on other charges); *United States v. Collins*, 651 F.Supp. 1177, 1180 (S.D. Fla. 1987) (vacating relief order and reinstating petitioner's conviction and sentence once the court learned of petitioner's fugitive status after the court had already granted petitioner's Section 2255 petition).

     Application of the fugitive disentitlement doctrine is inappropriate under certain circumstances, for example: (1) if there is an insufficient nexus or connection between the conviction from which the party has fled and the claim with respect to which disentitlement is being considered, *see, e.g., Degen*, 517 U.S. at 826-29 (explaining that a fugitive was not disentitled from defending against civil forfeiture action when he was a fugitive from a related criminal prosecution); or (2) if the fugitive is recaptured, *see, e.g., Ortega-Rodriguez v. United States*, 507 U.S. 234, 251 (1993) (finding that the fugitive status of defendant who fled and was recaptured lacks the kind of connection to the appellate process warranting dismissal).

     The fugitive disentitlement doctrine is not jurisdictional, but rather discretionary. *United*

1  *States v. Van Cauwenberghe*, 934 F.2d 1048, 1054-55 (9th Cir. 1991); *see also Armentero v.*
2  *I.N.S.*, 412 F.3d 1088, 1093-94 (9th Cir. 2005) ("Under this doctrine, appellate courts may, at
3  their discretion, dismiss an appeal or writ in a criminal matter when the party seeking relief
4  becomes a fugitive." (citation and internal quotation omitted)).  For example, the Ninth Circuit in
5  exercising its discretion to dismiss for fugitivity in *Antonio-Martinez v. I.N.S.*, 317 F.3d 1089,
6  1093 (9th Cir. 2003), held that "[t]hose who invoke our appellate jurisdiction must take the bitter
7  with the sweet: They cannot ask us to overturn adverse judgments while insulating themselves
8  from the consequences of an unfavorable result."

9  There is no question that Moller is a fugitive and that there is a substantial connection
10 between the underlying conviction and parole from which Moller has fled and his instant
11 petition.  Moller was released on parole and reported to the RCPU as a registered sex offender.
12 Moller then informed the proper authorities by letter and a telephone message that he was no
13 longer residing within the United States and that in his opinion he no longer needed to register as
14 a sex offender under California Penal Code § 290.  An RCPU officer twice unsuccessfully
15 attempted to contact Moller at his residence, and even observed that the residence appeared
16 vacant.  After Moller violated parole, the BPT suspended Moller's parole, and determined that he
17 was a fugitive.  More than three years later, Moller is still at large.  As the Supreme Court has
18 observed:

> We cannot say that the dismissal . . . is not justified by the abandonment of his case by the plaintiff in the writ.  By escaping from legal custody, he has . . . committed a distinct criminal offense; and it seems but a light punishment for such an offense to hold that he has thereby abandoned his right . . . ; otherwise he is put in a position of saying to the court: 'Sustain my writ, and I will surrender myself, and take my chances upon a second trial; deny me a new trial, and I will leave the state, or forever remain in hiding.'  We consider this as practically a declaration of the terms upon which he is willing to surrender, and a contempt of its authority, to which no court is bound to submit.  It is much more becoming to its dignity that the court should prescribe the conditions upon which an escaped convict should be permitted to appear and prosecute his writ than that the latter should dictate the terms upon which he will consent to surrender himself to its custody.

*Allen v. Georgia*, 166 U.S. 138, 141 (1897).  Because no one knows where Moller is, "his

1  petition has the same 'heads I win, tails you'll never find me' quality that justifies

2  disentitlement . . . ." *Antonio-Martinez*, 317 F.3d at 1093. This Court will exercise its discretion

3  and dismiss Moller's petition pursuant to the fugitive disentitlement doctrine.[3] *See Smith v.*

4  *United States*, 94 U.S. 97 (1876) ("It is clearly within our discretion to refuse to hear a criminal

5  case in error, unless the convicted party, suing out of the writ, is where he can be made to

6  respond to any judgment we may render. . . . If we affirm the judgment, he is not likely to appear

7  to submit to his sentence. If we reverse it and order a new trial, he will appear or not, as he may

8  consider most for his interest. Under such circumstances, we are not inclined to hear and decide

9  what may prove to be only a moot case.").

### III. ORDER

Good cause therefore appearing, IT IS HEREBY ORDERED that Respondent's motion to dismiss for fugitivity is GRANTED.

IT IS SO ORDERED.

DATED: March 24, 2006

_____
JEREMY FOGEL
United States District Court

---

[3]  The Court need not address the merits of a petitioner's claims if it finds that the fugitive disentitlement doctrine bars the petition. *See Molinaro*, 396 U.S. at 366 ("No persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed upon him pursuant to the conviction."); *Clark*, 663 F.Supp. at 1096 (discussing that courts will typically dismiss a fugitive's case before reaching the merits of a fugitive's claims). The Court notes, however, that it has considered the merits of Moller's petition in exercising its discretion. Were the Court to reach the merits of the petition, it would find that the state appellate court's rejection of his claims was not contrary to or an unreasonable application of Supreme Court precedent. 28 U.S.C. § 2254(d)(1).

1  This Order has been served upon the following persons:

2  Cynthia Lie
3  Federal Public Defender's Office
   160 W Santa Clara St Ste 575
4  San Jose, CA 95113
   (408) 291-7753
5  Email: cynthia_lie@fd.org

6
   Barry J. Portman
7  Federal Public Defender's Office
   160 W Santa Clara St Ste 575
8  San Jose, CA 95113

9
   Bill Lockyer, Catherine A. Rivlin, David P. Druliner, Ronald B. Bass
10 CA State Attorney General's Office
   455 Golden Gate Ave, Suite 11000
11 San Francisco, CA 94102-7004

12
   Glenn Pruden
13 CA State Attorney General's Office
   455 Golden Gate Ave, Suite 11000
14 San Francisco, CA 94102-7004
15 Email: glenn.pruden@doj.ca.gov

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 01-20970 JF
ORDER GRANTING RESPONDENT'S MOTION TO DISMISS FOR FUGITIVITY
(JFEX1)